[No. 6977.  Decided March 19, 1908.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE KING, *Appellant*.[1]

FALSE PRETENSES—INFORMATION—SUFFICIENCY.  An information charging the obtaining of money under false pretenses, by presenting wild cat scalps to a county auditor, when the accused had not killed the wild cats in said county or within a period of three months previous thereto, under Bal. Code, § 7165, is not demurrable and the facts are not inapplicable to the crime charged by reason of Laws of 1905, p. 122, making it a misdemeanor to offer scalps of wild cats that were killed out of the state or prior to the passage of the act; since the information does not show that the wild cats were killed out of the state or prior to the act.

CRIMINAL LAW—TRIAL—INSTRUCTIONS—REASONABLE DOUBT.  It is not reversible error, in an instruction as to reasonable doubt, to say that such doubt could only be entertained from the want of evidence to satisfy the jury beyond a reasonable doubt, when, considered in connection with other instructions, it was incapable of prejudicing the accused.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered April 3, 1907, upon a trial and conviction of the crime of obtaining money under false pretenses.  Affirmed.

*Fairchild & Bruce*, for appellant.

*Virgil Peringer* and *George Livesey*, for respondent.

ROOT, J.—Appellant was prosecuted upon an information, the substance of which was as follows:

"The defendant . . . on or about the 5th day of July, 1906, did present and deliver to Will D. Wallace, deputy auditor of Whatcom county . . . thirty wild cat scalps . . . and did, unlawfully . . . pretend that he . . . had killed the wild cats . . . from which the said thirty wild cat scalps had been taken in Whatcom county . . . within three months immediately prior to the said 5th day of

[1]Reported in 94 Pac. 663.

July, 1906, whereas . . . said defendant . . . had
not killed said wild cats in said Whatcom county and had
not killed said wild cats within a period of three months . . .
and said defendant did . . . by the color of said false
pretenses . . . obtain from Whatcom county . . .
the sum of seventy-five dollars in money, as bounty for said
scalps."

From a judgment of conviction he appeals to this court.

A demurrer was interposed to the information upon the
ground that it did not state a cause of action. The demurrer
was overruled. The prosecution was had under Bal. Code,
§ 7165 (P. C. § 1662). It was contended by appellant that
§ 4 of chapter 63, Laws 1905, p. 122, covers the offense
alleged to have been committed, if any offense is alleged, and
that it renders § 7165, *supra*, inapplicable to the particular
facts of this case. The substance of said § 4 is as follows:

"Any person . . . offering for the purpose of obtain-
ing said bounty the scalp of any . . . wild cat . . .
killed prior to the passage of this act, or that were killed out-
side of the boundaries of the state of Washington, shall be
deemed guilty of a misdemeanor," etc.

Did it affirmatively appear that the wild cats were killed
outside of the state of Washington, or prior to the passage
of the act in question, there would be no doubt of the sound-
ness of appellant's contention; but such does not appear.
They may have been killed in any other county than Whatcom
in this state, or at any time since the passage of the act and
prior to a date three months preceding that upon which appel-
lant presented the scalps to the county auditor for the bounty.
We think the demurrer was properly overruled.

It is urged that the evidence is insufficient to sustain the
verdict. We think there was sufficient competent evidence to
justify the conclusion reached by the jury. Exceptions were
taken to certain questions asked of fur experts with reference
to the appearance and condition of the scalps. We have
examined these and think no error was committed.

Certain other assignments of error are predicated upon the
ruling of the court as to the introduction of testimony, but

we do not find any reversible error. The trial court gave the jury, among others, an instruction which was, so far as material here, in substance as follows:

"You are instructed further, gentlemen of the jury, that a reasonable doubt for a trial juror . . . But such doubt should only be entertained from the want of evidence to satisfy you beyond a reasonable doubt and should not be merely imaginary, speculative or conjectural."

Appellants complain of the latter portion of this instruction, urging that it told the jury that a reasonable doubt could be entertained *only* from want or lack of evidence, whereas, it might arise from the want of evidence, or from the nature of the evidence itself if it were such as to cause a reasonably prudent man to hesitate—that the instruction was calculated to mislead and confuse the jury. We do not believe that the instruction could have had this effect. Taken together with the other instructions given in the case, we think it was substantially correct and incapable of prejudicing appellant's rights.

Finding no reversible error in the record, the judgment is affirmed.

HADLEY, C. J., CROW, and MOUNT, JJ., concur.

FULLERTON, J., concurs in the result.